**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RICHARD HAMMONS,

    Petitioner,

v.                                            CASE NO. 8:01-CV-1760-T-30TGW
                                                            8:00-CR-097-T-30TGW

United States of America,

    Respondent.
_____/

**O R D E R**

Petitioner initiated this action by filing a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (CR Dkt. 147/CV Dkt. 1). Petitioner filed an amended motion on January 4, 2002 (CR Dkt. 159). The Government has filed a response to the motion (CR Dkts. S-44[1] and 168), and Petitioner has filed a reply thereto (CR Dkt. 169). The matter is now before the Court for consideration on the merits.

**Background**

On March 28, 2000, a federal grand jury returned a two-count indictment charging Petitioner with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), and possession with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, contrary to of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two) (CR Dkt. 8). The First Superseding Indictment, returned on April 25, 2000,

---

[1]The Court granted the Government's motion to seal its *in camera* response to Petitioner's § 2255 motion (CR Dkt. S-43).

realleged the charges against Petitioner, Counts One and Two, and added a drug charge against co-defendant Alejandro Tamayos-Ramos, Count Three, which is not relevant to these proceedings (CR Dkt. 39). Represented by retained counsel, Petitioner entered into a plea agreement on June 13, 2000, whereby he agreed to enter a plea of guilty to Count One of the First Superseding Indictment in exchange for the Government's promise to dismiss Count Two at sentencing (CR Dkt. 62 at 1). As one of the terms of his plea agreement, Petitioner expressly waived his right to appeal his sentence:

> directly or collaterally, on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(*Id.* at 12). On June 30, 2000, Petitioner appeared with counsel and entered a plea of guilty to Count One of the indictment (CR Dkt. 81), which the Court accepted on July 19, 2000 (CR Dkt. 97). Petitioner was sentenced *in camera* on November 17, 2000, to a term of sixty (60) months imprisonment, to be followed by a 36-month term of supervised release, and assessed a $100,000.00 fine, and the Government dismissed Count Two of the First Superseding Indictment (CR Dkt. S-28). Petitioner did not file an appeal. Conforming the judgment to the oral pronouncement at sentencing,[2] the Court entered an Amended Judgment on March 29, 2001, to correct a scrivener's error (CR Dkt. S-30).

---

[2]The sentence in a federal criminal case is the punishment imposed orally by a sentencing judge in a defendant's presence. The written judgment and commitment order is not the sentence. Therefore, where a sentence that is pronounced orally unambiguously conflicts with the written order of judgment, the oral pronouncement controls. *See United States v. Ridgeway,* 319 F.3d 1313 (11th Cir. 2003). When such a conflict arises, the proper remedy is for the district court to correct the error in the written judgment pursuant to Fed. R. Crim. P. 36. *See United States v. Portillo*, 363 F.3d 1161, 1164-65 (11th Cir. 2004). *See also Cook v. United States*, 426 F.2d 1358, 1360 (5th Cir. 1970), *cert. denied*, 398 U.S. 932 (1973) (finding that "Rule 36 is the appropriate remedy to make the judgment and commitment papers conform to the sentence pronounced orally").

On September 12, 2001, Petitioner filed the instant motion seeking relief pursuant to 28 U.S.C. § 2255 (CR Dkt. 147/CV Dkt. 1).  Petitioner filed an amended § 2255 motion on January 4, 2002 (CR Dkt. 159) and a memorandum of law in support thereof (CR Dkt. 160).  In his motion, Petitioner asserts the following claims for relief:

1. Trial counsel was ineffective for failing to challenge the Court's failure to apply a reduction in the sentence pursuant to 5K1.1 for substantial assistance as shown by assisting authorities in the investigation of others;

2. Trial counsel was ineffective when he made a feeble attempt to challenge or the . . . Court committed error when it ran prior terms of supervised release consecutively with each other, when they were originally ran concurrent by and under a plea agreement prior to September 13, 1994, for concurrent terms of imprisonment and concurrent terms of supervised release;

3. Trial counsel was ineffective with his feeble challenge and the Court erred by classifying [petitioner] as a career offender;

4. Trial counsel was ineffective when he made a feeble attempt to object to the Court classifying him as a leader, or the Court erred pursuant to the 3B1.1(a) which has increased [Petitioner's] base level by (4) levels, by using protected information gained through U.S.S.G. § 1B1.8 while in a proffer;

5. Trial counsel was ineffective when he failed to file notice of appeal or follow up on appeal as requested by [Petitioner];

6. Trial counsel was ineffective at sentencing [when he] made a feeble attempt to challenge sentencing issues, such as § 3B1.1(a)[,] 1B1.8[,] and Chapter Four 4B1.1 enhancements;

7. The Court has illegally amended [Petitioner's] fine without adequate notice, a complete denial of the Due Process, Fourteenth Amendment and violation of the Eighth Amendment, harsh[,] cruel[,] and unusual punishment; and

8 The . . . Court and Attorney committed error in allowing prosecution [where] the agents and the U.S. Attorney's office have acted reckless in employing him into a (CI) role before getting proper permission from the Parole Commission, while he was on Supervise[d] Release.

3

CR Dkt. 159. In response to the petition, the Government asserts that because Petitioner waived his right to appeal, directly or collaterally, in his plea agreement, the motion should be denied (CR Dkt. S-44 at 3-4). For reasons set forth below, the Court agrees.

**Standard of Review**

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Guilty pleas waive all but jurisdictional claims up to the time of the plea, *see Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991), and foreclose most claims from collateral attack, *see United States v. Broce*, 488 U.S. 563, 569 (1989). This waiver includes constitutional claims. *See Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990). Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from

4

attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

### Discussion

When Petitioner executed his plea agreement, he waived all but jurisdictional claims up to the time of the plea. *See Tollett v. Henderson*, 411 U.S. at 266-67. As set forth *supra*, pursuant to the plea agreement Petitioner executed, he waived his right to appeal, directly or collaterally, any factual or legal finding made by the Court in calculating the appropriate guideline range, unless the Court upwardly departed or the Government appealed. The waiver includes claims of ineffective assistance of counsel at sentencing. *See Williams*, 396 F.3d at 1342.

In the plea agreement, Petitioner was placed on notice regarding the mandatory minimum and maximum terms of imprisonment for the drug charge to which he agreed to plead guilty (CR Dkt. 62 at 1).[3] At sentencing, trial counsel successfully argued that the Eleventh Circuit's holding in *United States v. Rogers*, 228 F.3d 1318 (11th Cir. 2000) (stating that "drug quantity in sections 841(b)(1)(A) and 841(b)(1)(B) cases must be charged in the indictment and proven to a jury beyond a reasonable doubt."), and the rule set out in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (finding that a maximum sentence set by statute trumps a higher sentence set forth in the sentencing guidelines), required the

---

[3] *See* 21 U.S.C. § 846 ("[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy"); 21 U.S.C. § 841(a)(1).

5

Court to sentence Petitioner under § 841(b)(1)(D)[4] to a term not greater than 60 months imprisonment (CR Dkt. 159 at 2). The Government did not file an appeal. Thus, Petitioner's waiver of his right to challenge his sentence is controlling. *See Williams*, 396 F.3d at 1342. *See also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

In reply to the Government's response, Petitioner argues that "the written waiver contained in Petitioner's plea agreement, standing alone, will not support the Government's position that [Petitioner] has in fact waived all of his direct and collateral appellate rights" (CR Dkt. 169 at 4). In the process of deciding this motion, the Court has examined the transcript of the Rule 11 colloquy, sealed at the request of the Government. *See* CR Dkt. S-45. Without elaborating on the contents of the sealed transcript, the Court finds that a thorough Rule 11 colloquy was conducted, including a determination that Petitioner was competent at the time he entered his plea; a detailed review of the terms of the plea agreement, the charges, and the consequences of those charges; the rights Petitioner was giving up under the agreement, including the right to appeal, directly or collaterally; the mandatory minimum sentence and maximum sentence for the offense; the factual basis for the charges; and the fact that Petitioner was entering his plea voluntarily and knowingly without any threats, force, or coercion, or any promises having been made to him that were not a part of the written plea agreement. *Id.* Petitioner acknowledged under oath that he had read the plea agreement and understood the terms set forth therein. *Id.* at 11. When

---

[4]"In the case of less than 50 kilograms of marihuana, . . . such person shall, except as provided in paragraphs (4) and (5) of this subsection, be sentenced to a term of imprisonment of not more than 5 years, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $250,000 if the defendant is an individual . . . . Notwithstanding section 3583 of Title 18, any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 2 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 4 years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(D).

he executed the document, Petitioner certified that he had read the agreement and understood the terms thereof. *See* CR Dkt. 62 at 18. *See also* CR Dkt. S-45 at 11-12. The magistrate judge reviewed the appeal waiver provisions of the plea agreement with Petitioner during the Rule 11 colloquy (CR Dkt. S-45 at 16-17). Having reviewed the transcript of the Rule 11 colloquy and the plea agreement executed by Petitioner, the Court is satisfied that Petitioner understood the full significance of the waiver.

Petitioner also argues that the waiver should not be enforced because references were made to an appeal being brought on his behalf during sentencing. As stated *supra*, Petitioner's sentencing was held *in camera*, and the transcript of the sentencing proceeding is sealed. The Court has closely reviewed said transcript and finds several instances where trial counsel advised the Court that he was preserving an issue for appeal (CR Dkt. S-21 at 24, 27; S-29 at 2, 8-9,16). The Court acknowledged that his decision on the application of the sentencing guidelines might be reviewed by the appellate court, but did not, at any time, tell Petitioner that he was not bound by the appeal waiver. In fact, upon imposing sentence, the Court advised Petitioner that "*to the extent permitted by your plea agreement*, you have the right of appeal from the judgment and sentence within ten days from this date." Thus, Petitioner's arguments fail in this regard.

Petitioner negotiated an agreement with the Government regarding the disposition of his criminal charges and entered a guilty plea pursuant thereto (CR Dkt. S-27). A guilty plea is not "a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. . . , but a 'grave and solemn act,' which is 'accepted only with care and discernment.'" *United States v. Hyde*, 520 U.S. 670, 677 (1997) (citation omitted). In *United States v. Jones*, the Eleventh Circuit stated:

7

> [W]e have consistently considered written plea agreements to be part of the record of the Rule 11 hearing. *See United States v. Hourihan,* 936 F.2d 508, (11th Cir. 1991); *United States v. Bell,* 776 F.2d 965, 969 (11th Cir. 1985), *cert. denied,* 477 U.S. 904, 106 S.Ct. 3272, 91 L.Ed.2d 563 (1986). *See also United States v. Padilla,* 23 F.3d 1220, 1221-22 (7th Cir. 1994) (looking to written plea agreement to determine if defendant knew of mandatory minimum sentence). We hold that where a signed, written plea agreement describing a mandatory minimum sentence is specifically referred to during a Rule 11 plea colloquy, the core principle that the defendant be aware of the consequences of his plea has been complied with [and] [t]he defendant's substantial rights were not violated.

143 F.3d 1417, 1420 (11th Cir. 1998). In this circuit, "[a] plea agreement is, in essence, a contract between the Government and a criminal defendant. Among the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. . . . [t]he plea agreement is . . . enforceable." *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999) (citation omitted). *See also United States v. Pease*, 240 F.3d 938 (11th Cir. 2001).

The claims Petitioner asserts in his § 2255 motion do not fall within the exceptions to his appeal waiver, which would have permitted him to appeal only an upward departure from his guidelines range, a sentence imposed in excess of the statutory maximum, or a sentence imposed in violation of law apart from the sentencing guidelines (CR Dkt. 62 at 12). *See United States v. Bushert*, 997 F.2d at 1351 (courts will enforce waivers of appeal if made knowingly and voluntarily).

After observing Petitioner in court, querying him under oath regarding his understanding of the proceedings and the charges against him, and reviewing the terms of the plea agreement, paragraph by paragraph, with him, the magistrate judge found as follows:

> After cautioning and examining [Petitioner] under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary as to this count, and that the offense charged

8

> is supported by an independent basis in fact containing each of the essential elements of such offense. I therefore recommend that the plea of guilty be accepted and that the [Petitioner] be adjudged guilty and have sentence imposed accordingly.

CR Dkt. 84. Petitioner has not presented any basis for the Court to question the magistrate's findings. Statements by a defendant at the Rule 11 proceedings are accepted as conclusive unless he reasonably alleges why this should not be so. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1997). Petitioner fails to meet this burden.

Petitioner does not assert that he did not know that the appeal waiver was included in the plea agreement. The language in the plea agreement is clear and unambiguous, and there is nothing in the record to overcome the persuasive evidence of Petitioner's statements at the plea hearing. He cannot now successfully claim ignorance of its affect on his right to appeal.

Enforcing the appeal waiver is merely holding Petitioner to the bargain he made. Petitioner has had the benefit of his bargain – the possession charge was dismissed (CR Dkt. S-27). The Government is likewise entitled to the benefit of its bargain. Petitioner cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing. *See Bushert*, 997 F.2d at 1350. He was not promised anything that he did not receive, and he has received no punishment greater than that originally assigned him in the plea agreement.

## Conclusion

Having reviewed the record, arguments presented by the parties, applicable statutes, and controlling case law in this circuit, the Court finds that by virtue of his guilty plea and sentencing appeal waiver, Petitioner has waived his right to seek collateral relief

under § 2255.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence (CR Dkt. 159) is **DENIED**.

2. The Clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close Case No. 8:01-CV-1760-T-30TGW.

**DONE** and **ORDERED** in Tampa, Florida on July 21, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

SA:jsh